UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREAT MIDWEST INSURANCE
COMPANY, a foreign corporation,

       Plaintiff,               Case No.:

v.

AMERICAN WINDOWS & SHUTTERS,
    INC.

       Defendant

_____/

## COMPLAINT

Plaintiff, Great Midwest Insurance Company ("Great Midwest"), through counsel, sues Defendant American Windows & Shutters, Inc. ("American Windows") and alleges:

### PARTIES, JURISDICTION, AND VENUE

1.     This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of diverse states.

2.     Great Midwest is a Texas corporation that maintains its principal place of business in the State of Texas, making it a citizen of Texas pursuant to 28 U.S.C. § 1332(c)(1).

3.     American Windows is a Florida corporation that maintains its principal place of business in Fort Myers, Florida, making it a citizen of Florida pursuant to 28 U.S.C. § 1332(c)(1).

4.     The cause of action alleged herein falls within the jurisdictional limits of the Court because Great Midwest seeks to recover more than $75,000.00 from American Window.

5.     Venue is appropriate in this Court because a substantial part of the events or omissions giving rise to the claim occurred in Fort Myers, Florida, and the construction project at issue in this matter is located in Fort Myers, Florida, within the province of the Fort Myers Division of this Court.

## GENERAL ALLEGATIONS

6.     As part of its business, Great Midwest issues bonds, including appeal bonds.

7.     American Windows was the subject of an adverse Judgments entered against it and in favor of Gil Morzaniga dated January 16, 2024 and in favor of Gil Morzaniga and Greenergy Distribution LLC d/b/a Sun is Free (collectively "Claimants") dated October 15, 2024 (the "Judgments") in the matter entitled *American Windows & Shutters, Inc. v. Gil Morzaniga and Greenergy Distribution LLC d/b/a Sun Is Free*, bearing case number 21-CA-002935 on the docket of the Circuit Court for the Twentieth Judicial Circuit for Lee County, Florida (the "Litigation").

8.     American Windows sought an appeal bond from Great Midwest in connection with an appeal from the Judgments.

9.     Before Great Midwest would issue the appeal bond, it required the protection of an indemnity agreement from American Windows.  Accordingly, American Windows executed a General Indemnity Agreement ("GIA") in favor of

Great Midwest dated December 2, 2024. A true and correct copy of the GIA is attached as **Exhibit "A."**

    10.    The GIA provides, in pertinent part:

2. CLAIMS AND SETTLEMENTS: Indemnitors waive notice of any claim or demand against the Bonds. Surety has the right, at its option and sole discretion, to deny, adjust, settle, or compromise any claim, demand, suit, or judgment upon any Bonds. Such right shall also include Surety's right to settle the affirmative claims of Principal arising from or related to any Bonds. Surety shall be entitled to immediate reimbursement for any and all Loss incurred by exercise of such right.

3. INDEMNITY/EXONERATION: Indemnitors shall exonerate and indemnify Surety from and against any and all losses, costs, and damages of whatsoever kind or nature ("Loss"), including, but not limited to, legal and consultant fees and expenses, court costs, and interest, which Surety may at any time sustain or incur by reason of: the request to execute, procure, or deliver any Bonds; or the executing, procuring, or delivering of any Bonds; or the renewal or continuation thereof; or from making any investigation on account thereof; or any payment thereunder; or as a result of prosecuting or defending any action brought in connection therewith, obtaining a release therefrom, or recovering or attempting to recover any salvage in connection therewith; or by reason of the failure of Principals and/or Indemnitors to perform or comply with the terms of this Agreement or any other agreement with or in favor of Surety by any Indemnitors and/or Principals ("Other Agreements"); or in the enforcement of the terms of this Agreement or any Other Agreements. Surety, at its sole election and discretion, is authorized, but not obligated, to advance or loan money to a Principal, and all money so loaned or advanced (including all expenses and costs incurred therewith), unless repaid by Principal, shall be a Loss for which Indemnitors shall be responsible. Principals and Indemnitors agree that an itemized, sworn statement of Loss by an employee of Surety, or other evidence of payment, shall be *prima facie* evidence of the fact and extent of the liability of Principals and Indemnitors to Surety.

    11.    At the request of American Windows and in reliance on the GIA, Great Midwest issued an appeal bond pursuant to Section 9.310, Florida Rules of Appellate Procedure, in the penal sum of $414,994.57 (the "Penal Sum") in connection with the

Judgments (the "Bond").  A true and correct copy of the Bond is attached as **Exhibit "B."**

12.     In a Per Curium decision dated June 10, 2025, the Sixth District Court of Appeal affirmed the Judgments.

13.     Claimants have made demand on Great Midwest for payment of the Judgments under the Bond.

14.     Despite demand, American Windows has failed to pay the Judgments.

15.     Great Midwest has agreed to pay the Penal Sum of the Bond to the Claimants (the "Settlement Payment").

16.     Pursuant to the GIA, the Indemnitors are required to exonerate and indemnify Great Midwest for the Settlement Payment.

17.     Great Midwest has retained the undersigned attorneys to represent it in this action and is obligated to pay these attorneys a reasonable fee for their services rendered.

18.     All conditions precedent to maintaining this action have occurred, been excused, or otherwise been waived.

## COUNT I
## CONTRACTUAL INDEMNITY

19.     Great Midwest realleges and incorporates paragraphs 1 through 18 as if fully set forth herein.

20.     This is an action for damages for American Windows breach of the GIA.

21.     American Windows is in default of, and has breached, the GIA by failing to exonerate and indemnify Great Midwest from the Claims.

22.     As a result of American Windows' breaches and defaults under the GIA, Great Midwest has suffered damages in the amount of  $414,994.57, plus attorney's fees and costs, including attorneys' fees and costs incurred in enforcing American Windows' obligations under the GIA.

WHEREFORE, Great Midwest demands judgment against American Windows for damages, pre and post-judgment interest, attorneys' fees, costs, and expenses, and such further relief as this Court deems just and proper.

Dated: August 29, 2025

PASKERT DIVERS THOMPSON

/s/ *Alberta L. Adams*
ALBERTA L. ADAMS
Fla. Bar No. 80063
Email: aadams@pdtlegal.com
JOHN R. DAVENPORT, JR.
Fla. Bar. No. 1059146
Email: jdavenport@pdtlegal.com
100 North Tampa Street, Suite3700
Tampa, Florida 33602
Telephone: (813) 229-3500
Facsimile: (813) 229-3502
*Attorneys for Great Midwest Insurance Company*